## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICHARD MENDEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-12-CA-0608-XR** |
| | ) | |
| **JOERIS GENERAL CONTRACTORS, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### ORDER ON PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMISSION AND MOTION TO DENY WITHOUT PREJUDICE OR CONTINUE DEADLINE TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Plaintiff's Motion to Withdraw Deemed Admissions (docket no. 16), Defendant's Response (docket no. 18), and Plaintiff's Motion to Deny Without Prejudice or, in the alternative, to Continue Deadline to File Response to Defendant's Motion for Summary Judgment (docket no. 17).  For the reasons stated below, Plaintiff's Motion to Withdraw Deemed Admissions is GRANTED and Plaintiff's Motion to Deny Without Prejudice is GRANTED.

### Factual and Legal Background

Plaintiff Mendez, acting *pro se*, brought this lawsuit alleging that Defendant Joeris discriminated against him primarily on the basis of age.  Mendez was employed by Joeris beginning in 1996 as a carpenter.  Mendez alleges that he was called an "old man" and "Santa Clause" by co-workers, and subject to other remarks made by supervisors regarding his age (Amended Complaint, ¶ 12-13).[1]  Mendez further argues that he was terminated on June 10, 2011, and was told that he was

---

[1]Docket no. 19

terminated because he could not get along with the superintendents and co-workers and was a "lone wolf." (Amended Complaint, ¶ 14). Mendez alleges that he was shocked and upset, and had never been informed that superintendents and co-workers were having problems working with him. (Amended Complaint, ¶ 15). Mendez states that his last performance evaluation in January 2011 reflected that Mendez was a "solid employee," "reliable," and "trustworthy" and scored 21 points out of 24 on the evaluation (Amended Complaint, ¶ 11). Furthermore, Mendez had only been disciplined by his employer once since beginning his employment with Joeris in 1996 (Amended Complaint, ¶ 9-10). Mendez also alleges that Joeris terminated other older workers "for no good reason." (Amended Complaint ¶ 16).

Upon termination, Mendez timely filed a complaint with the Equal Employment Opportunity Commission (EEOC) and simultaneously with the Texas Workforce Commission (TWC). Soon after receiving a Dismissal and Notice of Right to File a Civil Action from TWC in April 2012, Mendez filed this lawsuit on June 19, 2012.

 On February 13, 2013, Joeris served a request for admissions on Mendez. He failed to timely respond. On April 30, 2013, Joeris moved for summary judgment on the following bases: (1) only Defendant Joeris, not Joeris GP, employed Mendez; (2) this Court does not have subject matter jurisdiction over Plaintiff's Title VII claims against Joeris GP because Plaintiff has not exhausted administrative remedies; (3) Plaintiff's ADEA claim against Joeris GP is time-barred; (4) Plaintiff's ADA claim against Joeris is time-barred; (5) Plaintiff cannot establish a *prima facie* case for discrimination; and (6) Joeris had a legitimate, non-discriminatory reason to discharge Mendez, relying largely on Mendez's deemed admissions, and Plaintiff cannot show that the reason was pretext for unlawful discrimination.

Mendez obtained counsel on May 3, 2013, and on May 15, 2013, filed an amended complaint. The Amended Complaint dismisses Joeris GP and Plaintiff's claims for discrimination on the basis of race, color, national origin, gender, and alleged disability. Thus, the only remaining claims are for age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 (ADEA) and Tex. Labor Code § 21.051.

Plaintiff now seeks to withdraw the deemed admissions on the basis that he, at the time acting *pro se*, did not intentionally fail to respond. Plaintiff contends that withdrawal is warranted

under Federal Rule 36(b).

Mendez also moves the Court to deny without prejudice or to continue the deadline to file a response to Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) because Mendez at present cannot present facts essential to justify his opposition to Joeris's motion for summary judgment. Mendez argues that Joeris filed its motion for summary judgment prematurely because the time period allocated for discovery has not yet expired. While initially acting *pro se*, Mendez claims not to have had the knowledge or legal training to conduct discovery to properly support a response to Joeris's motion for summary judgment. Mendez asserts that discovery with the aid of counsel will result in Mendez being able to find sufficient evidence to create a genuine dispute of material fact as to whether Mendez was terminated based on his age rather than poor work performance and relationships. Mendez does not seek an extension of the discovery period.

Primarily, Mendez asserts that discovery needs to be completed before summary judgment may be ruled on because whether age played an improper and illegal role in his termination depends upon evidence in the exclusive possession of Joeris and testimony of Joeris employees. Specifically, Mendez intends to depose Joeris's Human Resources Manager, a corporate representative, and Superintendent Jack Hodge. Mendez also intends to seek discovery related to Joeris's claim that Mendez was difficult to work with, refused to take orders, and that others did not want to be assigned to work with him. (Maldonado Aff. at ¶ 6-8). Mendez also intends to obtain his own performance reviews to show that he was a satisfactory employee (Maldonado Aff. at ¶ 7). Finally, Mendez intends to provide through discovery that Joeris terminated older employees routinely without good cause and kept younger workers with poor performance reviews instead (Maldonado Aff. at ¶ 9).

### Standard of Review

Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. FED. R. CIV. P. 36(b). A district court may permit the withdrawal of an admission if the withdrawal would "promote the presentation of the merits of the action and if the court is not

persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009) (quoting FED. R. CIV. P. 36(b)). Even when Rule 36(b)'s two-factor test has been satisfied, however, the district court "still has discretion to deny a request to withdraw or amend an admission." *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

Pursuant to Federal Rule 56(d), when the nonmoving party shows either by affidavit or deposition that he is unable to present facts or other information "essential to justify [his] opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

Rule 56(d) motions are "generally favored and should be liberally granted, but the [non]movant must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)). The rule is designed to safeguard against a premature or improvident grant of summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

## Analysis

## I.      Motion to Withdraw Deemed Admissions

*A. Presentation of the Merits*

The first prong under the Rule 36(b) framework requires that the withdrawal promote the presentation of the claims on the merits of the case. Withdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case. *Luu v. Int'l Inves. Trade & Serv. Group*, Civ. A. No. G-11-182, 2012 WL 2450773, at *2 (S.D. Tex. June 26, 2012).

Plaintiff contends that Rule 36(b) is satisfied because the admissions go to the heart of the case, such that leaving them in place would effectively eliminate a decision on the merits. Although the Supreme Court has not definitively so held, the Fifth Circuit follows the *McDonnell Douglas* burden-shifting framework for ADEA claims. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377-78 (5th Cir. 2010) (citing *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 174 (2009)). To establish a *prima facie* case for an ADEA claim, the plaintiff must produce evidence to show that

-4-

he was (1) discharged; (2) qualified for the position; (3) within the protected class at the time of the discharge; and (4) was either replaced by someone outside the protected class or someone younger or otherwise discharged because of his age. *Id.* at 378 (citing *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007)). If proven, the burden then shifts to the employer to prove that the employee was terminated for a legitimate, non-discriminatory reason. *See id.* If a legitimate reason is established, then the Plaintiff must prove that the reason proffered was merely pretext for discrimination. *See id.*

Withdrawal of admissions that are critical to the justification of a claim satisfy the first prong. *Thanedar*, 352 F. App'x at 896. Plaintiff's deemed admissions include admissions that Defendant did not discriminate against him on any illegal basis, terminated him for a legitimate non-discriminatory reason, and that he was not replaced by a younger person. Each of these admissions are independently dispositive and would eliminate Plaintiff's *prima facie* case for age discrimination. The admissions are also one of the bases for Defendant's motion for summary judgment. Accordingly, withdrawing the deemed admissions would promote presentation of the merits of the action.

*B. Prejudice to Defendant*

The second prong established by the Rule 36(b) framework for withdrawal of deemed admissions requires that the party opposing withdrawal not be prejudiced by the withdrawal. Prejudice may occur where a party faces "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n., Inc., v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991). However, "[t]he necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient." *Thanedar*, 352 F. App'x at *3 (quoting N. *La. Rehab. Center, Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001)).

Defendant has not argued that it would suffer any prejudice from the withdrawal. Instead, Defendant argues only that Plaintiff has been dilatory. Citing a case on equitable tolling, Defendant argues that the motion should be denied and asks for sanctions. However, "good cause" is not an element under Rule 36(b), though it may be relevant to the court's exercise of discretion. *See Le v.*

*Cheesecake Factory Rests. Inc.*, 2007 WL 715260 at *3 (5th Cir. Mar. 6, 2007) (noting that the Texas standard for withdrawal includes good cause but the federal standard does not); *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (diligence is factor on exercise of discretion). In the instant case, it is not enough that Defendant would have the burden of defending the case on the merits, and Defendant is not prejudiced because it will still have time to conduct discovery before trial. *Luu*, WL 715260 at *3. Accordingly, Plaintiff has satisfied the requirements of Rule 36(b).

*C. Discretionary considerations*

Plaintiff has been sufficiently diligent in moving to withdraw his admissions without unreasonable delay. Although Plaintiff did not timely respond to Defendant's request for admissions, Plaintiff filed his motion to withdraw promptly after retaining counsel. The Fifth Circuit has held that a district court did not abuse its discretion in denying a motion to withdraw deemed admissions that was not filed for over eleven months after responses were due, even though the responses were filed only nine days late. *Covarrubias*, 192 F. App'x at 248. The district court in that case also found that the plaintiff had not acted responsibly and timely throughout the case, and determined that prejudice existed because four years had passed since the underlying incident, in part to the almost one year delay in moving to withdraw admissions. *Id.* Here, in contrast, Plaintiff filed this lawsuit only a year ago, and moved to withdraw admissions two months after the deadline for responding to the requests for admission. Further, Plaintiff's behavior does not suggest that he is indifferent regarding the progression or outcome of the case.

Though the Court has discretion to deny motions to withdraw deemed admissions despite having met the two-prong analysis of Rule 36(b), *In Re Carney*, 258 F.3d at 419, withdrawal is still appropriate when the moving party has established a "sufficient reason" for a failure to timely respond. *Luu*, WL 715260 at *3. Initially acting *pro se*, it is reasonable that Plaintiff would not have understood the seriousness of the consequences or known that the deadline fell prior to the end of the discovery period. Additionally, as Plaintiff contends, he diligently attempted to find legal representation, but could not due to financial constraints.

II.        **Rule 56(d) Motion to Deny Without Prejudice**

Under the two-part analysis established by *Chenevert* and *Stearns* to determine the appropriateness of Rule 56(d) relief, Plaintiff must show how additional discovery for his response to the motion for summary judgment is both needed and likely to create an fact issue. Rule 56(d) protection is necessary because Mendez was uninformed on how to conduct discovery when he was acting *pro se*, the motion for summary judgment was filed before the close of discovery, and relevant evidence is under the exclusive control of Joeris.

Joeris has exclusive access to information that would directly support Mendez's opposition to summary judgement. Rule 56(d) protection is applicable and appropriate in cases in which the moving party has exclusive possession of evidence that would support opposition. *Int'l Shortstop*, 939 F.2d at 1267. If the evidence is likely in the exclusive control of the movant and would support the *prima facie* case for the nonmovant, a 56(d) motion should be granted. *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006).  The performance records of Mendez and other older employees who had been terminated would be in Joeris's possession. Likewise, the testimony of Davis and Hodge, who are still employed by Joeris, is necessary to Mendez in establishing his opposition. Furthermore, any potential complaints from co-workers or other documentation suggesting that Mendez was disliked and difficult to work with would rest solely with Joeris.

Mendez was unaware of the requirements of discovery when he was acting *pro se* and did not conduct discovery.  Now that he has retained counsel, counsel intends to conduct the necessary discovery promptly.  Mendez filed this motion with approximately three months remaining until the discovery deadline, and does not require a modification to the discovery deadline (Maldonado Aff. at ¶ 6).

In addition, the evidence Mendez seeks could create a fact issue as to his *prima facie* case for age discrimination under the ADEA and directly rebut Joeris's proffered legitimate, non-discriminatory reason for Mendez's termination. *Winfrey v. San Jacinto County*, 481 F. App'x 969, 982 (5th Cir. 2012) (noting that relief under Rule 56(d) is generally warranted where the party requesting relief acts before the court rules on summary judgment, places the court on notice that further discovery is being sought, and demonstrates with reasonable specificity how the discovery pertains to the pending motion).  Mendez intends to show through discovery that his co-workers

were not displeased with him, his performance evaluations reflect that, aside from one disciplinary action, Joeris was satisfied overall with his work, and that Joeris has a tendency to terminate older employees.  Such evidence would directly support Mendez's case for age discrimination and rebut issues raised in the motion for summary judgment.  Therefore, Rule 56(d) protection is appropriate.

### Conclusion

The Court finds that withdrawal of Plaintiff's deemed admissions would promote a presentation of the case on the merits, is not prejudicial to the Defendant, and is within the Court's discretion.  Accordingly, Plaintiff's motion for withdrawal of deemed admissions (docket no. 16) is GRANTED. Defendant's request for sanctions is DENIED. Additionally, the Court finds that Plaintiff is currently unable to present facts or other information essential to justify his opposition, and further discovery could result in the production of evidence that could create a genuine issue of material fact. Accordingly, Plaintiff's Motion to Deny Without Prejudice (docket no. 17) is GRANTED, and Defendant's Motion for Summary Judgment (docket no. 12) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 18th day of June, 2013.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE