# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **RICHARD MENDEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.  SA-12-CA-0608-XR** |
| ) | |
| **JOERIS GENERAL CONTRACTORS,** ) | |
| **LTD.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING

On this day the Court considered Defendant's Opposed Motion for Leave to File Amended Pleading (docket no. 28), Plaintiff's Response (docket no. 31), and Defendant's Reply (docket no. 32).  Having reviewed these filings and the Scheduling Order, Defendant's motion is GRANTED.

### Factual and Legal Background

On June 19, 2012, Plaintiff, acting *pro se*, filed his Original Complaint.  In his Complaint, now amended, Plaintiff alleges that Defendant unlawfully terminated his employment because of his age.  Amended Complaint ¶ 19.  Specifically, Plaintiff alleges that he worked for Defendant for approximately fifteen years, from April 1996 to June 2011.  *Id.* ¶ 9.  During that time, Plaintiff asserts that he performed his work as a carpenter competently and satisfactorily.  *Id.* ¶ 10.  Nevertheless, Plaintiff alleges that Defendant terminated his employment on June 10, 2011, for the stated reason that Plaintiff could not get along with his

1

superintendents and co-workers. *Id.* ¶ 14.  Plaintiff had never before been reprimanded for his poor working relationships. *Id.* ¶9–10.

On November 5, 2012, Defendant timely filed its Answer.  Thereafter on February 13, 2013, Defendant served Plaintiff with requests for admissions.  Plaintiff failed to timely respond, and Defendant moved for summary judgment.  While Defendant's motion for summary judgment was pending before this Court, Plaintiff obtained counsel, who filed an Amended Complaint and motions to withdraw deemed admissions and continue or deny Defendant's motion for summary judgment.  On June 18, 2013, this Court denied Defendant's motion for summary judgment without prejudice and granted Plaintiff's motion to withdraw deemed admissions. Docket no. 20.

The original Scheduling Order in this case required Defendant to amend its pleadings by May 21, 2013, and it required the parties to complete discovery by October 10, 2013. Docket no. 8.  Defendant amended its Answer through an unopposed motion, which was filed on August 13, 2013, after the deadline but in response to Plaintiff's amended complaint. Docket no. 22.  In its motion for leave to file its First Amended Answer, Defendant stated that no depositions had been taken in this case. Motion for Leave to File First Amended Answer ¶ 7.  Thereafter, on September 9, 2013, the parties filed a joint motion to extend discovery, which the Court granted, extending the discovery deadline until October 24, 2013.  Docket no. 27; Text Order entered Sept. 10, 2013.  In the joint motion the parties noted that only Plaintiff's deposition had been taken. Joint Motion ¶ 3.

Defendant now seeks to file a Second Amended Answer, claiming that it inadvertently admitted all of the statements contained in Paragraph 11 of Plaintiff's Amended Complaint.

Motion for Leave to File Second Amended Answer ¶ 6.  Paragraph 11 of the Amended Complaint states, "[i]n Plaintiff's last performance evaluation on January 12, 2011, Defendant gave Mr. Mendez a score of 21 out of a total 24 points.  Defendant noted that Mr. Mendez was a 'solid employee,' 'reliable', and 'trustworthy.'"  Defendant now wishes to deny that Plaintiff's last performance evaluation was on January 12, 2011.  Plaintiff opposes Defendant's request as prejudicial.

### Legal Standard

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial; however, since Defendant's request for leave to amend is made after the expiration of the Scheduling Order deadline to amend, the Rule 16(b) good cause standard to modify a scheduling order must first be met before moving on to the more liberal standard to amend pleadings.  *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  As to the Rule 16 standard, four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.*

If the Court determines that good cause exists, the more liberal amendment standard of Rule 15 then applies.  Rule 15 provides that leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), but the decision to grant or deny a motion to amend is within the sound discretion of the trial court.  *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).  In exercising its discretion, the trial court considers such factors as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**Analysis**

In its motion, Defendant asserts that counsel inadvertently admitted that Plaintiff's last performance evaluation occurred on January 12, 2011, when in fact, Defendant believes that the last evaluation occurred in June 2011. This is the only inadvertent mistake claimed by Defendant; Defendant admits the remainder of Paragraph 11 of the Amended Complaint, regarding the positive comments generated at the January 12, 2011 evaluation. Confusingly, Defendant's counsel attributes this mistake to an alleged ambiguity in Paragraph 11. Counsel maintains that he was uncertain about whether Paragraph 11 referred to a performance evaluation "given" to Plaintiff, rather than "performed" on Plaintiff. (Reply ¶ 1). It appears from the argument that Defendant contends the June 2011 performance evaluation was performed on Plaintiff but never given to him until discovery in this case.

Plaintiff opposes Defendant's motion and contends that he would be prejudiced if the Court were to allow Defendant to amend its Answer a second time. Plaintiff claims that "Defendant admitted six months prior to Plaintiff's termination, Defendant had no issue with Plaintiff's job performance" and that through the Second Amended Answer Defendant now seeks to make that a fact issue. Response ¶ 1. However, Plaintiff mischaracterizes Defendant's Second Amended Answer. Defendant seeks only to deny that the January 12, 2011 evaluation was the final evaluation; it admits its contents. Moreover, Defendant supplied

Plaintiff with a copy of the alleged June 2011 evaluation as discovery production, delivered to Plaintiff on June 28, 2013. Response ¶ 4.  On that date, Defendant had not filed its First Amended Answer and no depositions had been taken.  Furthermore, to date, Plaintiff has not filed any dispositive motions or deposed any witnesses about Plaintiff's performance evaluations. Reply ¶ 2.  Discovery remains open for Plaintiff to explore the facts surrounding the alleged June 2011 performance evaluation.

Looking first at the Rule 16 standard, the Court finds good cause to amend the scheduling order deadline.  First, Defendant offers no explanation for its failure to timely move for leave to amend, though it can be inferred that delay was caused by the late filing of Defendant's First Amended Answer in response to Plaintiff's amended complaint and the subsequent discovery of an inadvertent error a few weeks later.  Second, the amendment is important to promote the presentation of the claims and defenses of the case on their merits. *See* Docket 20 (allowing withdrawal of Plaintiff's deemed admissions to allow Plaintiff to present his claims on their merits).  Third, the Court finds that Plaintiff will not suffer undue prejudice.  The discovery period remains open and Plaintiff has not yet conducted depositions relevant to his performance evaluations.  Finally, no continuance is necessary.

Turning next to the Rule 15 factors, the Court likewise finds that justice requires this Court grant leave to amend.  The Court finds no evidence of undue delay, bad faith or dilatory motive on the part of Defendant.  As noted, Defendant moved to amend within a month of filing his First Amended Answer and now seeks to amend his Answer to correct an inadvertent error.  Moreover, the Court finds that there have not been any failures to cure deficiencies. Defendant's First Amended Answer followed a wholesale revision to Plaintiff's Complaint,

and Defendant for the first time now seeks to correct an error in its First Amended Answer. Additionally, the Court finds that Plaintiff will not suffer undue prejudice since, as noted above, the discovery period remains open and Plaintiff has not yet conducted depositions relevant to his performance evaluations.  Finally the amendment is not futile.

### Conclusion

After considering the factors, the Court GRANTS Defendant's Motion for Leave to File Amended Pleading (docket no. 28).  The Clerk's office is directed to file Defendant's Second Amended Answer.

It is so ORDERED.

SIGNED this 27th day of September, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE